Thank you, Your Honor. Anne Gannon appearing on behalf of the United States in this matter. Here's the reason I asked you to go first, and we'll get your opponent up when necessary to respond. How do you distinguish Díaz-Argüeta? Your Honor, I think that Díaz-Argüeta, the issue with the very – I guess I have a question in advance of that. Is it – is my understanding or impression correct that the enhancement in this case cannot be proven without the minute entry? I believe that's correct, Your Honor. I believe – And doesn't Díaz-Argüeta say, for Shepard purposes, you cannot use a minute entry? I think that Díaz-Argüeta – what it says is the content and the minute entry in that case. If I may have a moment, Your Honor, I think the issue in that case was that they were trying to prove that the court had exercised discretion. And I think it might have been a State wobbler situation or something like that, where they were trying to determine the degree of the offense and finding that the sentence of less than one year, that the sentencing court had exercised its discretion to downgrade the conviction from a felony to a misdemeanor, and that the minute entry wasn't sufficient to essentially narrow what had been charged. And that's not the situation here. The situation in this case is that the charging instrument, the information, and the minute order are consistent with each other. So I think that the use of a minute order to narrow a charging instrument or to – without some kind of facts admitted by the defendant would be improper. I think – I think the court's issue in that case was reading too much into the minute order, not the fact that the minute order was a clerical document and was, therefore, somehow unreliable, which I think is what the defendant is arguing in this case. And this is a 2006 opinion. The minute order of the State court relied upon by the Federal district court is not a judicial record that can be relied upon. Well, I think because, once again, what the government would argue is that it is because of the facts in that case. I mean, it is true that in that case it was not something that could be relied upon for the purpose for which it was proffered. So you can use Diaz or Guaita to prevent a defendant from establishing its sentencing that a prior should reduce his sentence, but you can rely upon it to enhance the sentence. I think, Your Honor, if the facts presented themselves that it was unequivocal that the court had exercised its discretion and had made a notation misdemeanor or something like that, where it was clear that the court had exercised its discretion and that the sentence didn't just happen to be a felony with a lesser sentence, I think the issue was there that the sentence, because it was less than a year, they were trying to argue that it inherently was a misdemeanor. And I think that's where the court had trouble, was that it could have still been a felony just with a very low sentence. Are there any other decisions from the Ninth Circuit or the Supreme Court following Shepard that define that phrase, other judicial record? You know what I'm referring to? Yes, Your Honor. I don't think there's that clarification on this issue. So the only published decision of this circuit that this panel can look to in terms of whether there's a Shepard problem with the use of the minute entry order here or not is Diaz or Guaita. Yes, Your Honor. In terms of publisher's decision, that is correct. I would note for the court that there is a related case that's pending before a different panel of this court, United States v. Blanton, which is under submission, which has not yet been decided, that my understanding of that case is that the minute order is necessary for a determination. There is some kind of conflict that will be resolved on the minute order. Do you have the case number on that? Yes, I do, Your Honor. There are actually several case numbers. I think it was consolidated 05-50302. Just a second. 05-50302. Okay. And the name of that case? United States v. Blanton, B-L-A-N-T-O-N. Okay. My understanding that it was submitted in August, Your Honor, and there's been some supplemental authority provided to that panel on the issue. Okay. Does it have the same issue here, the minute? What is that, minute order? Is that what it's called? Yes, Your Honor. It's my understanding that the minute order in that case, whether it is considered or not considered, will be dispositive of whether a sentencing enhancement was appropriate. It's even – once again, I'm not a government counsel in that case, but I think it's even more clear in that case because here there's no discrepancy in terms of the charging instrument charging first-degree burglary and the minute order reflecting a conviction for first-degree burglary. Under first-degree burglary, does it have to be burglary of a dwelling? Yes, Your Honor. An inhabited area in that the State court defines inhabited under Section 459 as currently being used for dwelling purposes, whether occupied or not. So I don't think there's an issue in terms of first-degree burglary requiring it being of a dwelling. So if it was something other than that, it would have to be second-degree burglary? Yes, Your Honor. Second-degree burglary in California under the statute usually refers to some kind of vehicular burglary and has a one-year statutory maximum. Here the defendant was sentenced to four years in state prison, so the government contends that's even additional evidence that it was, in fact, a first-degree burglary conviction. Your Honor, if I want to proceed with argument, or I don't know if you want to hear from the other side. Go right ahead. I think that the district court here made the correct finding based on a sufficient record that the career offender provision applied. I think that there's no question that the statute of conviction was first-degree burglary. I think that the charging document is clear and the parenthetical notation on the minor order reflects the degree. And in California, that first-degree burglary, as it was charged in this case, is a burglary of a dwelling. This says something that I think is a little bit different, and I don't mean to suggest deliberately so, than your answer to my colleague's question. And so let me phrase it as best I can. Can we tell the degree of conviction without the minute entry order? No, Your Honor. Okay. But I think that what we do have here with the minute order is a first-degree residential burglary conviction that qualifies as a burglary of a dwelling, and therefore was the second predicate prior needed for the district court to apply the sentence of 151 months. The defendant tries to convince this Court that the minute order is not the type of document that this Court should be relying upon. And I'd just like to note for the Court that the California Penal Code itself notes that that minute order or the clerical documents must reflect the offense for which the conviction was had. And that's Section 1207 of the California Penal Code. There's no evidence in this case that the minute order is somehow incorrect. I think there's been issues before this Court where there is some discrepancy or there's some kind of lack of clarity on what the minute order is reflecting. Here, there is no question. The minute order is quite clear. I think that if this Court was to disallow the use of --" Were. I'm sorry. Were to allow that the government can no longer use these type of documents, or for that matter, if the defense can no longer use these documents, the result would be that based on a county's decision on the type of form that they were going to use and how they organized that form or what they titled that form, that it would prevent both sides from being able to present. Oh, that's not necessarily so. If you had the plea colloquy, a transcript where the defendant was asked to tell the Court what he did and the defendant said, I'm pleading guilty because I broke into a house and it was a house that people lived in, there wouldn't be a problem. But respectfully, Your Honor, sometimes those documents are no longer available due to, you know, whether it be the volume and storage mechanisms of a state court. Well, that's why it's necessary to have a judge sign a judgment. Yes, Your Honor. I mean, that obviously would be the best case scenario, but I don't believe that every county is doing that. And so there are cases where this is the only document that's available. And I think there's nothing in the record to suggest that this record is not accurate and it was not what the judge intended and is not what happened before that state court judge. With that, I just want to end the brief. Okay. Thank you for coming in today. And thank you for allowing the reversal of fortune, if you will. Oh, you're welcome, Your Honor. Thank you. Counsel? May it please the Court. Gail Ivins, appearing on behalf of Defendant Appellant Michael Lee Snellenberger. Since we do have someone from out of California and out of the Ninth Circuit, I'm going to take just one minute to talk about what California does. Sure. The oral pronouncement of judgment is the judgment, and that is the case under California case law and under the Penal Code statute. So you don't have a written judgment in all cases. That's correct. And they have a minute order, which the clerk prepares, or in counties where there is no clerk, the judge is required to prepare it. And we have something called an abstract of judgment. Why shouldn't we depend upon this minute order if that's accepted by the California courts if we didn't have this Diaz case? Well, there's several reasons. One is the Supreme Court cited Shepard. And I think that's the big question. I mean, if we hadn't decided Shepard, this court's case authority was going that direction. Shepard says you can use a plea, a judgment, or other judicial record. Yes. And it has to be a judicial record. And the clear concern is it has to be something the defendant assented to or that the judge made a finding of with, you know, the defendant there. And that's why, although, you know, Taylor was looking at, you know, jury instructions or what can we look at that makes this not require the court to go into this very deep fact-finding process. And, I mean, I think that that was the motivation at least behind Taylor and Shepard is what list of documents can we identify? Obviously, they were not looking at what California does when they made this list. But what list of documents can we identify that will have a level of sort of uniformity and certainty? The sentence here was 151 months. Yes. In this case, it is. What was the guideline range without the enhanced sentence? Sixty-three to 78 months, Your Honor. So it's a significant difference in this case. How much does he serve? You know, I'm not sure, Your Honor. I think it's about two years, just under two years, I think. And so I think that the question clearly presented is we've got abstract of judgment, which is, and I did send in a 28-J letter late yesterday afternoon, which is treated the same under California law as the minute order in terms of being a clerical function. And certainly in L.A. County, it's something prepared by the clerk. The judge doesn't see it. The defendant doesn't necessarily see it. And one or the other of those documents goes off to the CDC if there's a prison sentence. And certainly the years I practiced doing state court appeals, I mean, that's something we checked and corrected rather regularly. And we checked it. I take it there was not a plea agreement in this case. I don't know if there was or was not a plea agreement. Those documents. There's not one in the record. There's not one in the record. The government proffered two documents, the information which charged the three separate counts and the minute order. And those were the two exhibits A and B to their pleading. And that's what they proffered. We have some information in the PSR, which we also under Matthews should not be considering, but it indicates that this was a parking garage. And to answer Judge Siler's question, the California burglary law is incredibly complicated. And I would refer this Court, I don't believe I did in my briefing, and I can send a letter in tomorrow, to People v. Crews, which is the California Supreme Court's discussion of this tension for purposes of determining a serious felony, between Penal Code Section 459, which defines burglary in both degrees, and Penal Code Section 460, which distinguishes between first and second degree. And it goes through in detail what a residential dwelling is in California, including a carport, which is open, including a garage that doesn't have any kind of connection to the house. There's a reference to tents. I don't know. Exactly. If a person can fit into it. I mean, you know, so the generic version of burglary, as defined in Taylor, is clearly not the same as California's version of burglary. Even first degree, so-called residential burglary, a vessel is included. He could have received a first degree burglary sentence for breaking into an outhouse or a garage. Or for entering a carport or for breaking into a vessel. I mean, these are all, these are all allowed under California's law. So if we're looking at just, I mean, I'm not saying that's exactly what happened, although the carport issue is a little bit of a concern, given the facts that we do have. And whether, what he pled to exactly in terms of going into a, quote-unquote, parking garage. And these, again, are things we're not to be looking at. But obviously, the records are before the court. You know, whether that is Taylor generic, I think we need sufficient facts. And that's what we don't have. It's the government's burden, and it's supposed to be unequivocal. And based on these records, we don't have that. And based on Shepard, that's what we need. I would. If remanded, as you request, you want the court to sentence without further evidence, right? Well, that would be lovely. And in the immigration context, this court has done that. But clearly in the criminal context, this court gives the government another bite at the apple. Yeah, that may, that argument may fall in the category of nice try. Exactly. And I'm not really going to make it. But obviously, we would be remanded for resentencing, and we'll see what the government can do. There is no actual holding on that, so I don't want to concede it. But I know that's what the court will do. Yes? Do you have anything else regarding the case? Yes, Your Honor. I did cite this in my brief, Ortega-Mendez v. Gonzalez. It's not a criminal case, but it does. It is this court's post-Shepard discussion, again, on the use of a minute order. And at page 1021, and this is cited in my brief, it talks about the information, a minute order, and another minute order, and it says, These documents will not support a determination that Ortega-Mendez's underlying criminal act was necessarily violent. This is in your brief. And this is in my brief. But this is in answer to the question you posed to opposing counsel. There is another post-Shepard minute order case. Okay. Thank you. Thank you both for the argument here today. It's a very interesting issue. Submission will abide further order of the court. And we're going to take about a 10-minute recess now, and we'll be back with Western International v. Travelers will be the first case up when we come back. Thank you both.
judges: Ferguson, Siler, Hawkins